# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICKY ALAN BLODGETT,<br><br>      Plaintiff,<br><br>    v.<br><br>OFFICER BARKWOOD and OFFICER CLARK,<br><br>      Defendant. | Case No. 3:24-cv-00272-RRB<br><br>**SCREENING ORDER** |

## I.  INTRODUCTION

On October 18, 2024, self-represented prisoner Ricky Alan Blodgett, ("Plaintiff") filed this case in the United States District Court for the Central District of California.[1] On December 11, 2024, this case was transferred to the U.S. District Court for the District of Alaska.[2] Plaintiff claims on or about November 7, 2021, Palmer Police Officer Barkwood used excessive force during a traffic stop.[3] Specifically, Plaintiff claims Officer Barkwood hit him in the face while he was handcuffed. Plaintiff also claims Palmer Police Department Supervisor Clark witnessed the alleged excessive force but failed to intercede.[4] For relief, Plaintiff

---

[1] Docket 1.

[2] Dockets 6–7.

[3] Docket 1 at 3.

[4] *Id. See also Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000), *as amended* (Oct. 31, 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the

seeks $25,000 in monetary damages and an order requiring both officers to resign.[5]

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although the scope of review generally is limited

---

constitutional rights of a suspect or other citizen" and "can be held liable for failing to intercede only if they had an opportunity to intercede.")

[5] Docket 1 at 6.

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 2 of 13
Case 3:24-cv-00272-RRB   Document 12   Filed 04/14/25   Page 2 of 13

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, Plaintiff's claims appear to be time-barred by the applicable statute of limitations, explained in more detail below. A time-barred claim may be dismissed at the screening stage when the expiration of the applicable statute of limitations "is apparent on the face of the complaint."[14]

---

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[14] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011); *Belanus v. Clark,* 796 F.3d 1021, 1024–25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 3 of 13
Case 3:24-cv-00272-RRB    Document 12    Filed 04/14/25    Page 3 of 13

Therefore, the Complaint at Docket 1 is dismissed. However, before completely dismissing this case as time-barred, Plaintiff will first be given an opportunity to file an amended complaint to address equitable tolling, as further discussed below.[15]

## II. DISCUSSION

### A. Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued.[16] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[17] They also "ensure that claims are filed before essential evidence disappears."[18] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[19]

A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[20] A claim ordinarily accrues on date

---

[15] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276–77 (9th Cir. 1993) (noting that dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply).

[16] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief.'").

[17] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[18] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[19] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[20] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 4 of 13
Case 3:24-cv-00272-RRB    Document 12    Filed 04/14/25    Page 4 of 13

of the injury.[21] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[22] In Alaska, the statute of limitations for personal injury claims is two years.[23]

The events giving rise to Plaintiff's claims allegedly occurred on November 7, 2021. Plaintiff first filed his claims in federal court on October 18, 2024, almost a year after the two-year statute of limitations expired on November 7, 2023. Therefore, without a basis for tolling, Plaintiff's claims are time-barred by the statute of limitations.

**B.    Equitable Tolling**

Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[24] Alaska law allows for the equitable tolling of a statute of limitations during the time that a plaintiff is incompetent by reason of mental illness or mental disability.[25] The "general test" for mental incompetency is "whether a person could know or understand his legal

---

begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[21] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[22] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[23] Alaska Stat. § 09.10.070.

[24] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[25] Alaska Stat. § 09.10.140(a).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 5 of 13
Case 3:24-cv-00272-RRB    Document 12    Filed 04/14/25    Page 5 of 13

rights sufficiently well to manage his personal affairs."[26] "[T]his test does not measure whether a litigant *did* understand his or her legal rights, but whether he or she is *capable* of understanding them."[27]

Plaintiff has not alleged that he was mentally incompetent at any time so as to potentially entitle him to equitable tolling during a period of disability.[28] Plaintiff has not alleged any facts, which, if proven, would establish Plaintiff's inability to understand his legal rights.[29]

Additionally, Alaska's doctrine of equitable tolling may apply if a plaintiff files a suit first in the wrong court and then refiles in the correct court, such that the statute of limitations will not run while the litigation was pending in the first court.[30]

There does not appear to be any related state court case that would satisfy the criteria for equitable tolling under Alaska law, as Plaintiff does not allege, and seemingly did not first file his claims in state court.[31] He first filed his claims in

---

[26] *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

[27] *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

[28] Alaska Stat. § 09.10.140(a) (tolling the limitations period "if a person entitled to bring an action . . . is at the time the cause of action accrues . . . incompetent by reason of mental illness or mental disability").

[29] *See* Docket 6-1.

[30] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 881–82 (Alaska 2005) (explaining that a statute of limitations may be equitably tolled if (1) pursuit of the initial remedy gives the defendant notice of the plaintiff's claim, (2) the defendant's ability to gather evidence is not prejudiced by the delay, and (3) the plaintiff acted reasonably and in good faith).

[31] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 6 of 13
Case 3:24-cv-00272-RRB   Document 12   Filed 04/14/25   Page 6 of 13

another district court on October 18, 2024, which is his initial filing date for purposes of determining the statute of limitations period.

## C. Plaintiff is Permitted to File an Amended Complaint

Although amendment is likely futile, Plaintiff may file an amended complaint if he can plausibly allege facts, that, if proven would demonstrate that Plaintiff qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case. Plaintiff should be aware of the three strikes rule, discussed below, when deciding whether to file an amended complaint or a voluntary dismissal.

### 1. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[32] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[33]

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as

---

[32] Fed. R. Civ. P. 8(a)(2).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 7 of 13

true, "state[s] a claim to relief that is plausible on its face."[34] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[35]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[36] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[37]

A complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the

---

[34] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[35] *Id.* (A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[36] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[37] *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 8 of 13
Case 3:24-cv-00272-RRB   Document 12   Filed 04/14/25   Page 8 of 13

complaint.[38] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

### 2. Amended complaint

An amended complaint is subject to the foregoing guidelines and replaces the prior complaint in its entirety.[39] Any claim not included in the amended complaint will be considered waived.

Although Plaintiff is being given an opportunity to file an amended complaint, he must not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[38] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[39] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 9 of 13
Case 3:24-cv-00272-RRB   Document 12   Filed 04/14/25   Page 9 of 13

### 3. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[40] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[41] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[42] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[43] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[44] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[45]

When a case is dismissed because the action is **time-barred**, that constitutes a failure to state a claim and therefore counts as a **strike.**

---

[40] 28 U.S.C.A. § 1915(g).

[41] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[42] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[43] *Andrews,* 493 F.3d at 1056 (cleaned up).

[44] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[45] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 10 of 13
Case 3:24-cv-00272-RRB    Document 12    Filed 04/14/25    Page 10 of 13

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims and revises his complaint to address the deficiencies identified in this order. This includes addressing whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff.

4. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

Court orders.[46] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[47] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the filing fee.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[48] Failure to comply may result in dismissal of this action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

---

[46] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[47] 28 U.S.C. § 1915(b)(1)&(2).

[48] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[49] The Notice shall not include requests for any other relief. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 14th day of April, 2025, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[49] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Screening Order
Page 13 of 13
Case 3:24-cv-00272-RRB   Document 12   Filed 04/14/25   Page 13 of 13