IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICKY ALAN BLODGETT,<br><br>    Plaintiff,<br><br>  v.<br><br>BARKWOOD, Individual; BARKWOOD, Officer; RICHARD CLARK, Individual; and RICHARD CLARK, Supervisor,<br><br>    Defendants. | Case No. 3:24-cv-00272-RRB<br><br>**ORDER OF DISMISSAL<br>AND NOTICE OF STRIKE** |

On April 14, 2025, the Court screened the complaint filed by self-represented prisoner Ricky Alan Blodgett ("Plaintiff") in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court dismissed the claims as time-barred, but granted Plaintiff an opportunity to file an amended complaint to address equitable tolling.[1] The Court warned Plaintiff that if he failed to respond to the order within 60 days of the order, this case would be dismissed and count as a "strike" against Plaintiff under § 1915(g).[2] To date, Plaintiff has not filed an Amended Complaint or a Notice of Voluntary Dismissal or otherwise contacted the Court. Plaintiff claims on or about November 7, 2021, Palmer Police Officer Barkwood used excessive force during a traffic stop.[3]

---

[1] Docket 12.

[2] *Id.* at 4, 7, 10.

[3] Docket 1 at 3.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[4]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an Amended Complaint or Notice of Voluntary Dismissal within the specified timeline suggests Plaintiff does not intend to litigate his action diligently.[5] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8] However, "this factor lends little support to a party whose responsibility it is to

---

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See, e.g., Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[8] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Order of Dismissal and Notice of Strike
Page 2 of 5
Case 3:24-cv-00272-RRB   Document 13   Filed 07/10/25   Page 2 of 5

move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[9] which is the case here. Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to comply with the Court's order. The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court accorded Plaintiff an opportunity to file an amended complaint and warned him of the potential dismissal of an action in the event of noncompliance.[11]

Based on the foregoing, this case must be dismissed. The Court finds no other lesser sanction to be satisfactory or effective.[12] Therefore, this case is dismissed for failure to prosecute the action. This dismissal counts a "strike" under § 1915(g).[13]

## The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious

---

[9] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[10] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[11] *See, e.g., Romero v. Pitzer, et al.,* Case No. 4:24-cv-00030-SLG, Docket 3 at 27–28.

[12] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

[13] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (Even "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). *See also Belanus v. Clark,* 796 F.3d 1021, 1023 (9th Cir. 2015) ("Dismissals on statute of limitations grounds can constitute a strike under § 1915(g) for failure to state a claim if it is clear from the face of the complaint that the claims are time-barred.").

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Order of Dismissal and Notice of Strike
Page 3 of 5
Case 3:24-cv-00272-RRB    Document 13    Filed 07/10/25    Page 3 of 5

or fails to state a claim upon which relief may be granted[.]"[14] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[15] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[16] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[17] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[18] In addition to being "imminent," the alleged danger also must be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[19]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot.**

3. This dismissal counts a "strike."

4. The Clerk shall issue a final judgment and close this case.

---

[14] 28 U.S.C.A. § 1915(g).

[15] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[16] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[17] *Andrews,* 493 F.3d at 1056 (cleaned up).

[18] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[19] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Order of Dismissal and Notice of Strike
Page 4 of 5
Case 3:24-cv-00272-RRB    Document 13    Filed 07/10/25    Page 4 of 5

IT IS SO ORDERED this 10th day of July, 2025, at Anchorage, Alaska.

                                                  */s/ Ralph R. Beistline*
                                                  RALPH R. BEISTLINE
                                          Senior United States District Judge

Case No. 3:24-cv-00272-RRB, *Blodgett v. Barkwood, et al.*
Order of Dismissal and Notice of Strike
Page 5 of 5
        Case 3:24-cv-00272-RRB     Document 13     Filed 07/10/25     Page 5 of 5